MERRILL TRUST COMPANY *vs.* MILFORD H. BROWN.

Penobscot.     Opinion December 18, 1922.

*The holder of a negotiable instrument in due course may sue thereon in his own name, provided it is complete and regular upon its face, and taken in good faith and for value, without notice of any infirmity or defect in title, before it is due and without notice if dishonored.  An antecedent or pre-existing debt constitutes value, and the holder who takes commercial paper before maturity for value, without notice of infirmity in title or consideration, is deemed a purchaser in good faith.  Cross notes, bills or checks, though made for accommodation, are not accommodation, but business paper, if there is no restriction on use or negotiation.  Failure to pay a cross note does not affect the original consideration.*

*Held:*

1.  That the holder of a negotiable instrument in due course is one who has taken the instrument under the following conditions, and may sue thereon in his own name:

   (a)   That it is complete and regular upon its face.

   (b)   That he became the holder of it before it was overdue and without notice that it had been previously dishonored, if such were the fact.

   (c)   That he took it in good faith and for value.

   (d)   That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

2.  That this check was complete and regular upon its face.

3.  That the plaintiff became the holder of it before it was overdue and that it had not been previously dishonored.

4.  That the plaintiff took it in good faith and for value.

5.  At the time it was negotiated the plaintiff had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

6.  Under the provisions of Chapter 257, Public Laws 1917, known as the Uniform Negotiable Instruments Act, an antecedent or pre-existing debt constitutes value.

7.  One who takes an assignment of commercial paper before maturity, paying value, without notice of infirmity in title or consideration, is deemed a purchaser in good faith.

8.  Cross notes, bills or checks, though made for the accommodation of the parties, are not accommodation, but business paper, provided there is no restriction on use or negotiation, the one note, bill or check being a consideration for the other received in exchange.

9.  When the transaction is completed at the time of the exchange the question of original consideration is not affected by subsequent events, such as failure of one of the parties to pay his cross note when due.

On report.  This is an action to recover the amount of a check dated May 16, 1921, drawn by defendant on the Union Trust Company of Ellsworth, payable to Harold A. Brown, and by him specially indorsed and deposited to his credit in plaintiff bank on May 17, 1921. The check was drawn and delivered to payee by defendant, at payee's request, in exchange for another check for the same amount drawn by payee on the City National Bank of Belfast, payable to defendant, which was dishonored by the bank on presentment, for want of funds. The drawers of said checks at the time the checks were drawn did not have in the respective banks funds to pay their respective checks. The defendant under the general issue and a brief statment set up as a defense fraud on the part of the payee; and also a failure of consideration.  At the conclusion of the evidence, by agreement of the parties the case was reported to the Law Court.  Judgment for the plaintiff for $1500, and interest thereon from the date of the writ.

The case is fully stated in the opinion.

*Louis C. Stearns*, for plaintiff.

*Gray & Sawyer*, for defendant.

SITTING:  CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

PHILBROOK, J.  This is an action brought by a special indorsee against the maker of a check, the Trust Company upon which it was drawn having refused to honor the same.  The instrument bears date of May 16, 1921, the amount is fifteen hundred dollars, it is drawn upon the Union Trust Company, hereinafter designated the Ellsworth bank, directs that bank to pay the sum for which it is drawn to the order of Harold A. Brown, and by the latter specially indorsed to the plaintiff in these words, "Pay to the order of Merrill Trust Co."

The defendant pleaded the general issue, and for brief statement of special matter of defense, to be used under the general issue pleaded, declared that the check, upon which said suit is founded, was obtained from the defendant by misrepresentation and fraud of one Harold A. Brown, the payee named in said check, who transferred the same to the plaintiff, and that the defendant received no consideration therefor. He further declared that the plaintiff did not pay any money for said check, nor pay, nor part with any consideration therefor, and has not sustained nor suffered any loss or damage on account of said check, and is not an innocent holder for value.

The case is before us on report. The execution and endorsement of the check is not contested. Inspection of the instrument shows that it is complete and regular upon its face. The plaintiff became the holder of it not later than the day following its date. In *Asbury* v. *Taube*, 151 S. W., 372, it was held that title to a check was acquired by an indorsee before it was overdue when it was regular on its face, payable on demand, and was negotiated within two days after it was drawn. Under this rule we must find that the plaintiff, in the case at bar, became the holder of the check before it was overdue.

Under the provisions of Chapter 257, Public Laws, 1917, known as the Uniform Negotiable Instruments Act, a check is defined as a bill of exchange drawn on a bank, payable on demand, and, except as therein otherwise provided, the provisions of the act applicable to a bill of exchange, payable on demand, apply to a check. After declaring that the holder of a negotiable instrument in due course may sue thereon in his own name, the act further provides that a holder in due course is one who has taken the instrument under the following conditions:

1. That it is complete and regular upon its face.

2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such were the fact.

3. That he took it in good faith and for value;

4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

We have already seen that the check was complete and regular upon its face, and that the plaintiff became the holder of it before it was overdue. The record also establishes the fact that it had not

been dishonored before it was thus taken by the plaintiff in the regular course of its banking business. At the time when the plaintiff took the check, and gave credit to Harold A. Brown for the amount thereof, the latter was indebted to the plaintiff by reason of his overdraft. Section twenty-five of the Uniform Negotiable Instruments Act provides that an antecedent or pre-existing debt constitutes value, hence the check in suit, which was taken and credited to Harold A. Brown's account, thereby diminishing the amount of the overdraft, was taken for value. Was the check taken in good faith? In *Atlas National Bank* v. *Holme*, 71 Fed. Rep., 489, 19 C. C. A., 94, it was held that one who takes an assignment of commercial paper before maturity, paying value, without notice of infirmity in title or consideration, is deemed purchaser in good faith. Was the check taken without knowledge on the part of the plaintiff as to infirmity, fraud or irregularity between the original parties? Conceding, for the sake of argument, that it is a fraud on the part of a drawer to draw a check upon a bank where there are no funds to meet it. *E. & T. Banking Co.* v. *Cunningham*, 103 Maine, 455, yet the actual knowledge by the plaintiff necessary to defeat the action is so fully and forcibly discussed in *Mechanics' Savings Bank* v. *Berry*, 119 Maine, 404, that reference thereto, together with interpretation of the testimony most favorable to the defendant, makes plain the plaintiff's claim that it took the check without actual knowledge of previous infirmity, fraud or irregularity.

Finally, the defendant claims that the check in suit was given without consideration. The defendant, who drew the check, and Harold A. Brown, the payee therein named, are brothers. Harold is a horse dealer who had received a carload of horses upon which he owed the sum of fourteen hundred and eighty-seven dollars. According to the testimony of the defendant he was told by Harold that he (Harold) had an amount of money in the City National Bank at Belfast, but did not want the plaintiff bank to know that fact, that Harold requested the defendant to draw the check, which is the basis of this suit, on the Ellsworth bank, and offered to draw his (Harold's) check for a like amount, in favor of the defendant, on the Belfast bank. At that time the defendant said "Harold, of course you know that I haven't got fifteen hundred dollars in the bank," (meaning the Ellsworth bank). To which Harold replied, "Why, certainly, but this is all right. Now you give me your check and I will give

you mine and everything will be all right, because I don't want the Merrill Trust;" (The plaintiff) "to know I have this deposit down in the City National Bank at Belfast." The check in suit was accordingly drawn and in exchange therefor Harold drew his check on the Belfast bank, bearing the same date, and for the same amount as that named in the check which he received from the defendant, and made payable to the order of the latter. The defendant also testified that he had thus accommodated his brother on other occasions and such transaction "went all fine," saying, among other things, "I swapped checks with him for five hundred dollars about four months previous to that."

The law is well settled that cross notes, bills or checks though made for the accommodation of the parties, are not accommodation, but business paper, provided there is no restriction on use or negotiation, the one note, bill or check being a good consideration for the other received in exchange. Moreover, the transaction being complete at the time of the exchange, the question of original consideration is not affected by subsequent events, such as a failure of one of the parties to pay his note when due. *American National Bank* v. *Patterson,* 7 A. L. R., 1563 and annotations, pages 1569-71. See also *Dockray* v. *Dunn,* 37 Maine, 442.

We hold that judgment must be rendered for the plaintiff and, under section fifty-seven of the Uniform Negotiable Instruments Act, it may recover for the full amount of the check.

> *Judgment for plaintiff for $1500*
> *and interest thereon from the*
> *date of the writ.*